IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMIE REAGIN, *ET AL.*,

        Plaintiffs,

v.                                       CIVIL ACTION NO. 2:16-cv-10713

ETHICON INC., *ET AL.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Dismiss Under Rule 41(b) for Plaintiffs' Failure to Comply with the Court's Orders Regarding Service of Process. [ECF No. 10]. There has been no timely response to the Motion.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(m), provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." *See* Pretrial Order #20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf (stating that this order applies to "each member related case previously transferred to, removed to, or filed in this district," in addition to cases subsequently filed). Thus, the court excused the plaintiff from formally serving process on the defendants, if she completed this simple procedure.

In this case, defendants, Johnson & Johnson and Ethicon, Inc., filed an earlier motion to dismiss for failure to serve [ECF No. 6], and the court denied the motion without prejudice and allowed plaintiffs more time to serve the complaint and the Plaintiff Profile Form [ECF No. 8]. Notably, the court warned that if plaintiffs failed to comply with the order, their case could be dismissed upon motion by defendants. [ECF No. 8]. Thereafter, there is no evidence from the docket that plaintiffs ever served defendants as outlined above. Plaintiffs failed to effectuate service by any method within the time allotted under Federal Rule of Civil Procedure 4(m).

The defendants now move to dismiss this case with prejudice under Rule 41(b) or, in the alternative, for insufficient service of process under Rules 12(b)(5) and 4(m). I find that dismissal pursuant to Rule 4(m) is appropriate. As a result, the court **ORDERS** that the Motion to Dismiss [ECF No. 10] is **GRANTED IN PART to the extent defendants seek dismissal without prejudice** and **DENIED IN PART to the**

extent they seek dismissal with prejudice.

Because Ethicon, Inc. and Johnson & Johnson are the only named defendants in this case, the court **ORDERS** that this case be closed and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 9, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE